BARBARA JEANE BLANCATO ET AL. *v.*
SEBASTIAN RANDINO
(11398)

LAVERY, LANDAU and SCHALLER, Js.

Argued February 17—decision released April 6, 1993

*Alexandra Davis,* with whom were *Mary Rebecca Knack,* certified legal intern, and, on the brief, *Wesley W. Horton,* for the appellants (plaintiffs).

*Karen P. Blado,* with whom were *Medina K. Jett* and, on the brief, *David Sylvestre,* for the appellee (defendant).

SCHALLER, J. The plaintiffs appeal from the judgment of the trial court, rendered after a jury trial, rejecting their claims of negligence and loss of consortium.[1] The plaintiff contends that the trial court improperly (1) refused to direct a verdict in her favor, and (2) charged the jury that negligence per se is rebuttable by a showing of reasonableness. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On January 9, 1988, the plaintiff, Barbara Blancato, and the defendant, Sebastian Randino, were driving their respective vehicles on Ridgewood Road in Middletown shortly after a heavy snowfall. The defendant was traveling down a hill toward a sharp curve to his right. The plaintiff had passed the curve and was heading up the hill.

Temperatures that day never rose above the freezing mark, and ice covered the surface of the road on the defendant's side. From the crest of the hill, the defendant's pick-up truck began to slide uncontrollably on the ice. The plaintiff stopped her car near the bottom of the hill several feet away from a driveway. Despite the defendant's effort to maneuver his truck to the shoulder of the road, the truck slid across the center line of the road and collided with the plaintiff's car.

---

[1] The plaintiff Sebastian Blancato's claim for loss of consortium is derivative of that of the named plaintiff. We will refer to the named plaintiff as the plaintiff in this opinion.

The plaintiff brought this action claiming that the defendant's negligence caused her injuries. The defendant denied these allegations and further asserted a special defense claiming that the plaintiff's own negligence caused her injuries. The case proceeded to trial. At the conclusion of the plaintiff's evidence, the plaintiff moved for a directed verdict. The trial court denied the motion.

The court submitted the case to the jury along with written interrogatories. The first interrogatory asked the following: "Was the collision proximately caused by the negligence of the defendant, Sebastian Randino? If you answer 'No,' please report that you have concluded your deliberations, and complete the defendant's verdict form." The jury answered "No" and returned a verdict for the defendant. The plaintiff subsequently filed a motion to set aside the verdict. The trial court denied the motion and this appeal ensued.

I

The plaintiff first claims that the trial court improperly refused to direct a verdict in her favor. We disagree. The limited nature of our review of a trial court's refusal to direct or set aside a verdict is well settled. When reviewing the action of the trial court, we consider the evidence in the light most favorable to sustaining the judgment. *Munson* v. *United Technologies Corporation,* 28 Conn. App. 184, 191, 609 A.2d 1066 (1992). "A directed verdict is justified if on the evidence the jury could not reasonably and legally reach any other conclusion than that embodied in [a verdict for the defendant] . . . or if the evidence is so weak that it would be proper for the court to set aside a verdict rendered for the other party. . . . When a jury has returned a verdict and the trial court has refused to set it aside, [t]he court's decision will be upheld on appeal if, from the evidence presented, the jury could

reasonably have concluded as it did." (Citation omitted; internal quotation marks omitted.) *Hall* v. *Winfrey,* 27 Conn. App. 154, 157–58, 604 A.2d 1334, cert. denied, 222 Conn. 903, 606 A.2d 1327 (1992); *Boehm* v. *Kish,* 201 Conn. 385, 388–89, 517 A.2d 624 (1986).

In responding to the plaintiff's first claim, we focus on the element of causation and do not consider whether the defendant was negligent per se or otherwise negligent. Proximate cause is an essential element to any claim of negligence. *Wu* v. *Fairfield,* 204 Conn. 435, 528 A.2d 364 (1987); *Tesler* v. *Johnson,* 23 Conn. App. 536, 539–40, 583 A.2d 133 (1990), cert. denied, 217 Conn. 806, 584 A.2d 1192 (1991). "Proximate cause is . . . an act or failure to act which is a substantial factor in producing a result." *Sanders* v. *Officers Club of Connecticut, Inc.,* 196 Conn. 341, 349, 493 A.2d 184 (1985). Whether proximate cause exists in a given case is ordinarily a question of fact. *Trzcinski* v. *Richey,* 190 Conn. 285, 295, 460 A.2d 1269 (1983). Further, our case law under the municipal and state highway defect statutes makes abundantly clear that a road condition may qualify as the proximate cause of an injury. See, e.g., *Lukas* v. *New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981) (recovery for breach of statutory duty under highway defect statute requires proof by a fair preponderance that defect was sole proximate cause of injuries and damages claimed); *Patrick* v. *Burns,* 5 Conn. App. 663, 668, 502 A.2d 432 (1985), cert. denied, 198 Conn. 805, 504 A.2d 1059 (1986)[2] (evidence of large

---

[2] Regarding the element of proximate cause, we note that the difference between an action under the highway defect statutes and an ordinary negligence action is that liability under the statutes requires the defect to be the *sole* proximate cause of the injuries. Compare *Lukas* v. *New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981) (sole proximate cause), with *Sanders* v. *Officers Club of Connecticut, Inc.,* 196 Conn. 341, 349, 493 A.2d 184 (1985) (proximate cause defined as substantial factor). Still, the highway defect cases are instructive on the relationship between road conditions and the element of causation. For example, in *Patrick* v. *Burns,* 5 Conn. App. 663,

ice patch in path of driver established that highway defect was sole proximate cause of plaintiff's injuries); cf. *Beauton* v. *Connecticut Light & Power Co.*, 125 Conn. 76, 81, 3 A.2d 315 (1938) (damage caused directly and exclusively by "act of God" could not be attributed to negligence).

In this case, the jury found that the defendant's actions did not proximately cause the plaintiff's injuries.[3] We find that the evidence fully supports the jury's conclusion. Evidence established that the defendant's side of the road was covered with ice. The defendant testified that he was driving under the speed limit when he suddenly encountered these treacherous road conditions. Despite his efforts and precautions, however, the defendant lost control of his truck when it slid on the ice. Based on these facts, the jury may well have found that the icy conditions, as opposed to the defendant's act or failure to act, proximately caused the accident. See id. Thus, even if we assume the defendant's negligence, the jury could reasonably have concluded that the layer of ice covering the road, not the defendant's negligence, was a substantial factor causing the accident.[4] We conclude that the trial court properly declined to direct a verdict in the plaintiff's favor.

668, 502 A.2d 432 (1985), cert. denied, 198 Conn. 805, 504 A.2d 1059 (1986), the court held that "the jury could have reasonably concluded . . . that the [plaintiff's] loss of control of her vehicle, her crossing over the center line and, thus, her colliding with [another] vehicle *was caused solely by the ice floe* . . . ."

[3] The dispositive interrogatory was phrased so as to include the elements of negligence *and* causation. Because the plaintiff failed to seek interrogatories which separately would have indicated the jury's findings as to each element, we are free to assume that the jury determined that the plaintiff failed to establish either one of the two elements. *Trzcinski* v. *Richey*, 190 Conn. 285, 297, 460 A.2d 1269 (1983). As stated, we focus on the element of proximate cause without deciding the issue of whether the defendant was negligent per se.

[4] According to the plaintiff, the defendant admitted that his negligence proximately caused her injuries. This claim is unavailing, however, because after carefully reviewing the record and transcripts we have not uncovered any admission regarding proximate cause.

## II

The plaintiff's second claim is that the trial court improperly instructed the jury on the law of negligence per se. The plaintiff submitted a request to charge that included instructions on the law of negligence per se. The plaintiff sought these instructions in light of evidence that the defendant had violated provisions of our General Statutes pertaining to vehicle highway use. The statutes in question concern traveling unreasonably fast, traveling on the wrong side of the road and failing to pass oncoming traffic on the right. General Statutes §§ 14-218a, 14-230 and 14-231. The court granted the plaintiff's request and instructed the jury accordingly. The defendant objected.

In response to the defendant's objection, the court supplemented its charge to the jury stating as follows: "[I]f one of the parties proves that the other party has violated the law, they have proven negligence per se. The burden of proof then shifts to that other party to show that there was some condition or some circumstance that prevented that party from following along. So it's not absolute, in and of itself, the failure to follow the law."

Our conclusion in part I that the jury reasonably could have found that any negligence on the part of the defendant was not the proximate cause of the plaintiff's injuries is fully dispositive of the plaintiff's claim of improper instruction. Even if we assume that the trial court improperly instructed the jury on the issue of negligence per se, the plaintiff has not explained how this instruction prejudiced her case. To the contrary, the jury's response to the dispositive interrogatory indicates that negligence was not central to the verdict. Rather, according to the jury, the defendant's acts or omissions were not the proximate cause of the plain-

tiff's injuries.[5] Thus, even if we assume that the negligence per se instruction was defective, it had no bearing on the verdict. We conclude that the trial court's instructions, even if improper, did not prejudice the plaintiff. See, e.g., *Kelley* v. *Bonney,* 221 Conn. 549, 586, 606 A.2d 693 (1992) ("[e]ven if the instruction were improper, it could not have affected the result of this case").

The judgment is affirmed.

In this opinion the other judges concurred.