## BARBARA BLANCATO ET AL. *v.* SEBASTIAN RANDINO
### (11398)

LAVERY, LANDAU and SCHALLER, Js.

Submitted on briefs September 24—decision released November 9, 1993

*Alexandra Davis* and *Wesley W. Horton* filed a brief for the appellants (plaintiffs).

*Karen P. Blado, Medina K. Jett* and *David Sylvestre* filed a brief for the appellee (defendant).

SCHALLER, J. This case is before us on remand from our Supreme Court. We previously considered the matter in *Blancato* v. *Randino,* 30 Conn. App. 810, 622 A.2d 1032, remanded for reconsideration, 226 Conn.

914, 628 A.2d 983 (1993), in which we affirmed the judgment of the trial court rejecting the plaintiffs' claim of negligence. We concluded that the jury's finding that the defendant's actions were not the proximate cause of the collision obviated the need to consider whether the jury instruction on negligence per se was improper. Id., 815. The Supreme Court granted certification and remanded the case to this court for reconsideration in light of its decision in *Curry* v. *Burns,* 225 Conn. 782, 626 A.2d 719 (1993). Upon review of the plaintiffs' claims on remand, we affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On January 9, 1988, the plaintiff,[1] Barbara Blancato, and the defendant, Sebastian Randino, were driving their respective vehicles on Ridgewood Road in Middletown shortly after a heavy snowfall. The defendant was traveling down a hill toward a sharp curve to his right. The plaintiff had passed the curve and was heading up the hill.

Temperatures that day never rose above freezing, and ice covered the surface of the road on the defendant's side. From the crest of the hill, the defendant's pickup truck began to slide uncontrollably on the ice. The plaintiff stopped her car near the bottom of the hill several feet away from a driveway. Despite the defendant's efforts to maneuver his truck to the shoulder of the road, the truck slid across the center line of the road and collided with the plaintiff's car.

At the close of trial, the court submitted the case to the jury along with ten interrogatories. The first interrogatory asked the following: "Was the collision proximately caused by the negligence of the defendant,

---

[1] The plaintiff Sebastian Blancato's claim for loss of consortium is derivative of that of the named plaintiff. We will refer to the named plaintiff as the plaintiff in this opinion.

Sebastian Randino? If you answer 'No,' please report that you have concluded your deliberations, and complete the defendant's verdict form." The jury answered the question "No" and returned a verdict for the defendant.

On remand, the dispositive issues are (1) whether, in light of *Curry* v. *Burns,* supra, the general verdict rule applies to this case, and (2) whether, if the rule does not apply, the jury's finding that the defendant did not proximately cause the collision is dispositive of the plaintiff's claim of instructional error.

The plaintiff first claims that, in light of *Curry* v. *Burns,* supra, the general verdict rule does not apply to this case, and, accordingly, we must consider the second claim relating to instructional error. While we agree that the general verdict rule does not apply here, we disagree with the plaintiff's claim that the nonapplication of the rule necessitates our review of the claim of instructional error.

In light of the Supreme Court's decision in *Curry* v. *Burns,* supra, we conclude that the general verdict rule does not apply in this case. In *Curry,* our Supreme Court addressed the issue of the continued viability of the general verdict rule as applied to the denial of factually distinct elements of a single cause of action. Id., 784. In its analysis, the court overruled the general verdict approach relied on in *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 520 A.2d 208 (1987), as being overbroad. *Curry* v. *Burns,* supra, 786.

The court then established parameters that limit the application of the general verdict rule to five scenarios: "(1) denial of separate counts of a complaint; (2) denial of separate defenses pleaded as such; (3) denial of separate legal theories of recovery or defense pleaded in one count or defense, as the case may be; (4) denial of

a complaint and pleading of a special defense; and (5) denial of a specific defense, raised under a general denial, that had been asserted as the case was tried but that should have been specially pleaded." Id., 801. The question presented here, whether the defendant was negligent per se,[2] involves both issues of negligence and proximate cause. Considering the guidelines of *Curry,* we conclude that the general verdict rule does not apply to the facts of this case. Here, the plaintiff's claim involves the denial of two elements of the same cause of action and therefore falls outside the rubric of *Curry.*

Notwithstanding the analysis in *Curry,* in the present case the jury's finding of no proximate cause is dispositive. See *Blancato* v. *Randino,* supra, 814. The "general verdict rule provides that if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party." *Curry* v. *Burns,* supra, 786; *Staudinger* v. *Barrett,* 208 Conn. 94, 99, 544 A.2d 164 (1988). "A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury." *Curry* v. *Burns,* supra; *Pedersen* v. *Vahidy,* 209 Conn. 510, 514, 552 A.2d 419 (1989). The plaintiff contends that the trial court required the plaintiff to submit interrogatories to the jury on each element of negligence in order to avoid the effects of the general verdict rule. The plaintiff submitted ten interrogatories to the jury. The jury answered the dispositive interrogatory on causation in the negative, thus obviating the need to answer the other nine interrogatories.

---

[2] The plaintiff contends that the defendant was negligent per se because he violated several provisions of our General Statutes pertaining to highway use. The statutes in question concern traveling unreasonably fast, traveling on the wrong side of the road and failing to pass oncoming traffic on the right. See General Statutes §§ 14-218a, 14-230, 14-231.

As the jury finding on proximate cause was dispositive, we focus our analysis on the element of causation and do not reach the plaintiff's claim of negligence. "In order to predicate a recovery on the ground of statutory negligence, two elements must coexist. . . . [T]he violation of the statute must constitute a breach of duty owed to the plaintiff. . . . Second, a plaintiff must prove that the violation of the statute . . . was a proximate cause of his injuries." (Citations omitted.) *Coughlin* v. *Peters,* 153 Conn. 99, 101–102, 214 A.2d 127 (1965); *Mesite* v. *Kirchenstein,* 109 Conn. 77, 81, 145 A. 753 (1929). "Proximate cause is ordinarily a question of fact." *Mather* v. *Griffin Hospital,* 207 Conn. 125, 130, 540 A.2d 666 (1988); *Trzcinski* v. *Richey,* 190 Conn. 285, 295, 460 A.2d 1269 (1983). "Conclusions of proximate cause are to be drawn by the jury and not by the court." *Trzcinski* v. *Richey,* supra. In this case, the jury, in its answer to the dispositive interrogatory,[3] conclusively determined that the defendant's actions were not the proximate cause of the plaintiff's injuries.[4]

The evidence presented at trial established that the defendant's side of the road was covered with ice. The defendant also testified that he was driving under the speed limit when he encountered the ice. Despite his efforts to brake and maneuver his vehicle onto the shoulder, the defendant lost control of the truck when it slid on the ice. Given these facts, the jury could reasonably conclude that the road conditions, and not the defendant's actions, were the proximate cause of the collision. *Blancato* v. *Randino,* supra.

---

[3] The court found that the dispositive interrogatory was phrased so as to include the elements of negligence and causation. *Blancato* v. *Randino,* 30 Conn. App. 810, 814 n.3, 622 A.2d 1032 (1993).

[4] The wording of the dispositive interrogatory to include the elements of both negligence and causation is favorable to the plaintiff as the chosen expression *assumes* the defendant's negligence.

In light of the specific jury finding that the actions of the defendant were not the proximate cause of the collision, we conclude that we do not need to reach the plaintiff's second claim, that the improper jury instruction on negligence per se constitutes harmful error. "The ultimate question . . . is whether the erroneous ruling of the court would have been likely to affect the result." See *Anonymous* v. *Norton,* 168 Conn. 421, 430, 362 A.2d 532, cert. denied, 423 U.S. 935, 96 S. Ct. 294, 46 L. Ed. 2d 268 (1975). "The appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him." Id. Even if we assume that the negligence per se instruction was defective, it had no bearing on the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.