[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION
In response to the defendant's motion for reargument, reconsideration or other order concerning the court's memorandum of decision dated July 13, 2001, the court hereby supplements said memorandum as follows:
As set forth in the memorandum of July 13, 2001, the court finds that the plaintiff knew or should have known of the existence of the defect in the sidewalk which she testified caused her to fall and injure herself on.
To that extent, the plaintiff could be and was found to have contributed to her own injury. However, the court further finds, under the facts testified to in this case, that such negligence on the part of the plaintiff was not a substantial factor in bringing about her injuries and, consequently, cannot be found to be a proximate cause of the plaintiff's injuries.
This is an action brought by the plaintiff under Section 13-149 of the General Statutes.
The defendant city correctly maintains that in order to prevail in this action under the statute, the plaintiff must prove that the sidewalk defect was the sole proximate cause of any injury which she may have sustained.
While the court, in its memorandum of decision alter a trial to the court did find that the evidence permits a finding that the plaintiff knew or should have known of the sidewalk defect and, to that extent "is found to have contributed to her own injuries", the court did not find that the plaintiff's conduct was a substantial factor in bringing about her injuries.
The city contends that freedom from contributory negligence in the context of a defective highway action demands a showing of freedom from negligence that contributed in any way to the plaintiff's injuries.
Pursuant to 13a-149, the plaintiff was required to prove, by a fair preponderance of the evidence, the following to establish liability: "`(1) CT Page 15336 that the [sidewalk] was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence.' Lukas v. New Haven, 184 Conn. 205, 207, (1981)."
Our Supreme Court has held that "[a] defendant town is liable only if the defect is demonstrated to be the sole proximate cause of the plaintiff's injury. . . ." (Emphasis in original.) White v. Burns,213 Conn. 307, 316, 567 A.2d 1195 (1990). It opined that "when `the Superior Court finds that the wrongful act of the plaintiff's driver [or the plaintiff himself] is a proximate cause of her injury, it finds a fact inconsistent with the liability of the town. . . .' [Bartram v. Sharon, Page 759 71 Conn. 686, 696, 43 A. 143 (1899)]." Id.[FN9] The inquiry then becomes whether the plaintiff's conduct amounts to aproximate cause of his injuries, and if so, the city's liability will not exist (emphasis added).
Our case law makes clear that "`[p]roximate cause is . . . an act or failure to act which is a substantial factor in producing a result.' Sanders v. Officers Club of Connecticut, Inc., 196 Conn. 341, 349,493 A.2d 184 (1985)." Blancato v. Randino, 30 Conn. App. 810, 813,622 A.2d 1032 (1993).[FN10]
In Bartram, supra, p. 759-760, the court held that
 "proximate cause `refers to a cause which was a substantial factor in causing the accident and resulting injuries in question.' In commenting on the trial court's charge to the jury, our Supreme Court noted that the trial court had explained that the city's conduct must be the sole proximate cause of the plaintiff's injuries, and that the plaintiff's conduct must not have substantially contributed to his injuries, i.e., not be a proximate cause of his injuries. It also noted the trial court further charged that, "The city is liable where its conduct is the sole proximate cause of the fall. But if you find that fault on the part of the plaintiff was a proximate cause, or substantial factor in causing his fall, that which we call contributory negligence, the city would not be liable."
Bartram, Id.(emphasis added).
See Warner v. Liimatainen, 153 Conn. 163, 165 n. 2, 215 A.2d 406
(1965), which states: "Contributory negligence . . . is available as a defense whenever any negligence on the part of the plaintiff is aproximate cause of his injuries." (Emphasis added). CT Page 15337
The negligent conduct of a plaintiff must be a substantial factor in causing his or her injuries before it can be said to be sufficient to relieve the defendant city of liability.
As noted in Carbone v. New Britain, 33 Conn. App. 754 (1994) [FN10]: [T]he language in Sullivan v. Norwalk, 28 Conn. App. 449, 457, 612 A.2d 114
(1992), stating that "it is settled that the substantial factor test is not the proper method of analysis for establishing causation under the statute [General Statutes 13a-149]," is not inconsistent with this opinion. The Sullivan court was addressing causation as it related to thedefendant's misconduct. In that context, the substantial factor test is not the appropriate test because the action is not one of negligence, but one for breach of a statutory duty on the part of the defendant (emphasis added).
As noted, while the court did find that the plaintiff may have contributed to her own injuries, the court further found that the plaintiff's conduct was not a substantial factor in causing her injuries.
As for the City of Waterbury's claim that the plaintiff failed to prove that the city had notice of the defect, the court finds that the plaintiff proved by a fair preponderance of the evidence that the city failed to exercise reasonable supervision over its streets as whole and that the city knew or in the exercise of proper supervision should have known of the existence of the sidewalk defect. See Triendi v. City of Waterbury, 128 Conn. 464 (1942).
By the Court,
Joseph W. Doherty, Judge