MARILYN O'DONNELL *v.* CARMEN FENEQUE ET AL.
(AC 29718)

Gruendel, Harper and Schaller, Js.

Argued October 16, 2009—officially released March 30, 2010

*Patrick J. Flaherty,* with whom was *Lorinda S. Coon,* for the appellant (defendant Quincy Mutual Fire Insurance Company).

*William F. Gallagher,* with whom were *Erica W. Todd,* and, on the brief, *Hugh D. Hughes,* for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendant Quincy Mutual Fire Insurance Company,[1] the plaintiff's insurance carrier,

---

[1] Carmen Feneque also was named as a defendant, but she was defaulted for failure to appear and is not a party to this appeal. Accordingly, we refer in this opinion to Quincy Mutual Fire Insurance Company as the defendant.

appeals from the judgment, rendered after a jury trial, in favor of the plaintiff, Marilyn O'Donnell. On appeal, the defendant claims that the trial court (1) abused its discretion in denying its motion to set aside the verdict based on insufficient evidence to support the jury's verdict and (2) improperly instructed the jury.[2] We affirm the judgment of the trial court.

The following facts and procedural history are not in dispute. On January 3, 2003, the plaintiff left her workplace in Stratford at approximately 4 p.m. and was proceeding to her home in Naugatuck. The plaintiff was operating her vehicle northbound, in the left lane, of Route 8. The weather was rainy, and the road was covered with slush. The plaintiff saw a vehicle, later determined to be operated by Carmen Feneque, coming across the grass median divider toward her from the southbound direction of Route 8. The plaintiff anticipated that the vehicle would "pull off," but, instead, the vehicle accelerated and continued across the median. The plaintiff had no way to avoid Feneque's vehicle because there were vehicles in front of her, behind her and next to her. Feneque's vehicle crossed over the median divider, collided with the plaintiff's vehicle and struck another vehicle traveling in the right northbound lane.

The plaintiff brought an action against Feneque and the defendant seeking damages for the injuries that she sustained in the accident. The plaintiff alleged that

---

[2] The defendant claims that the jury instructions were erroneous because the court instructed the jury on negligence and negligence per se when there was no evidence that Feneque was negligent. In view of our conclusion that there was sufficient evidence for the jury to find that Feneque was negligent, we conclude that the court's instruction was not improper. See *Goodmaster* v. *Houser*, 225 Conn. 637, 648, 625 A.2d 1366 (1993) ("The court has a duty to submit to the jury no issue upon which the evidence would not reasonably support a finding. . . . The court should, however, submit to the jury all issues as outlined by the pleadings and as reasonably supported by the evidence." [Citations omitted; internal quotation marks omitted.]).

Feneque was negligent for (1) failing to keep a reasonable and proper lookout and to pay attention to where she was driving, (2) failing to keep her vehicle under proper control, (3) failing to operate her vehicle at a reasonable rate of speed in violation of General Statutes § 14-218a and (4) failing to operate her vehicle in the proper lane in violation of General Statutes § 14-236. Furthermore, the plaintiff alleged that the defendant was liable for her injuries pursuant to the uninsured motorist provisions of her own automobile policy. See *Powell* v. *Infinity Ins. Co.*, 282 Conn. 594, 605, 922 A.2d 1073 (2007) ("to recover uninsured motorist benefits, plaintiff must establish: [1] that the other motorist was uninsured; [2] that the other motorist was legally liable under the prevailing law; and [3] the amount of liability" [internal quotation marks omitted]). The court defaulted Feneque for failure to appear, and the case proceeded to trial on the uninsured motorist claim. After trial, the jury returned a verdict in favor of the plaintiff. The defendant filed a motion to set aside the verdict, which the court denied. This appeal followed.

The defendant claims that the evidence was insufficient to support the jury's verdict on the plaintiff's claim of negligence. Specifically, the defendant argues that the jury could not reasonably have concluded that Feneque negligently operated her vehicle or that Feneque's operation could have been the proximate cause of the plaintiff's injuries. The defendant bases its arguments on the assertion that the plaintiff failed to submit evidence that would allow the jury reasonably to infer that Feneque *voluntarily* crossed the median divider in her vehicle. The defendant's reliance on the proposition that the plaintiff had to prove affirmatively that Feneque voluntarily crossed the median in her vehicle is mistaken.

In order to resolve the defendant's claim, we begin by setting forth the standard of review and the relevant

legal principles. "The standard of review governing our review of a trial court's denial of a motion to set aside the verdict is well settled. The trial court possesses inherent power to set aside a jury verdict which, in the court's opinion, is against the law or the evidence. . . . [The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach [its] conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles . . . . Ultimately, [t]he decision to set aside a verdict entails the exercise of a broad legal discretion . . . that, in the absence of clear abuse, we shall not disturb." (Internal quotation marks omitted.) *Greci* v. *Parks*, 117 Conn. App. 658, 667, 980 A.2d 948 (2009).

"Negligence involves the violation of a legal duty [that] one owes to another, in respect to care for the safety of the person or property of that other. . . . The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Citation omitted; internal quotation marks omitted.) *Curran* v. *Kroll*, 118 Conn. App. 401, 407, 984 A.2d 763 (2009), cert. granted on other grounds, 295 Conn. 915, 990 A.2d 866 (2010).

"To prove negligence per se, a plaintiff must show that the defendant breached a duty owed to her and that the breach proximately caused the plaintiff's injury." *Pickering* v. *Aspen Dental Management, Inc.*, 100 Conn. App. 793, 802, 919 A.2d 520 (2007). "Negligence per se operates to engraft a particular legislative standard onto the general standard of care imposed by traditional tort law principles, i.e., that standard of care to which an ordinarily prudent person would conform his conduct. To establish negligence, the jury in a negligence per se case need not decide whether the defendant acted as an ordinarily prudent person would have acted under

the circumstances. They merely decide whether the relevant statute or regulation has been violated. If it has, the defendant was negligent as a matter of law." (Internal quotation marks omitted.) *Considine* v. *Waterbury*, 279 Conn. 830, 860–61 n.16, 905 A.2d 70 (2006).

"[A] plaintiff must establish that the defendant's conduct legally caused the injuries. . . . The first component of legal cause is causation in fact. Causation in fact is the purest legal application of . . . legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. . . . The second component of legal cause is proximate cause. . . . [T]he test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries. . . . Further, it is the plaintiff who bears the burden to prove an unbroken sequence of events that tied his injuries to the [defendants' conduct]. . . . The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection. . . . This causal connection must be based upon more than conjecture and surmise." (Internal quotation marks omitted.) *Burton* v. *Stamford*, 115 Conn. App. 47, 75 n.18, 971 A.2d 739, cert. denied, 293 Conn. 912, 978 A.2d 1108 (2009).

The following additional facts are relevant for our resolution of the defendant's claim. The plaintiff alleged in her complaint that Feneque was negligent for failing to operate her vehicle in the proper lane on a multilane highway in violation of § 14-236. The plaintiff, who witnessed the accident, testified at trial as to the underlying facts. State police Trooper Thomas Glowacki, trained in scene reconstruction, investigated the accident and also testified in accordance with the underlying facts. No other witnesses testified as to liability, nor was any evidence introduced at trial concerning the reason for

Feneque's vehicle crossing the median and the resulting accident. Feneque was not called as a witness by either party.

On the basis of the evidence, the jury reasonably could have found that Feneque was negligent. The plaintiff's claim was based on common-law and statutory negligence. With regard to statutory negligence, which the defendant specifically addresses, the jury had to decide merely whether Feneque had violated § 14-236, and, if she had, Feneque was negligent as a matter of law. Section 14-236 provides in relevant part: "When any highway has been divided into two or more clearly marked lanes for traffic . . . a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has ascertained that such movement can be made with safety . . . ." The jury reasonably could have found that Feneque violated § 14-236 when her vehicle crossed the median into oncoming traffic. Moreover, it was reasonable for the jury to conclude that Feneque's violation of § 14-236, that is, her failure to keep her vehicle in the proper lane, proximately caused the plaintiff's injuries.

The defendant first argues that, in order to prove negligence per se, the plaintiff has to prove "an intent to do the act that the statute proscribes."[3] The defendant has failed to submit any persuasive authority for this proposition. This reasoning, moreover, has been specifically rejected by the Supreme Court in *Danzell* v. *Smith*, 150 Conn. 35, 38–39, 184 A.2d 53 (1962). In *Danzell*, the accident occurred when the defendant's vehicle crossed

---

[3] In addition, the defendant specifically argues in its brief that there was "no evidence whatsoever in this case that the uninsured driver intended to cross over the median, or did so voluntarily, or even by any negligent act or omission on her part . . . ." The defendant argues that the voluntariness element of the violation of a statute can be inferred only "when sufficient evidence negates any other non-negligent cause such as sudden emergency, sudden illness or sudden mechanical malfunction . . . ."

the center strip and collided with the plaintiff's vehicle, which was traveling properly in the opposite direction. The plaintiff alleged that the defendant violated General Statutes § 14-237 by driving across the dividing space and onto the wrong side of the highway. Id., 37. On appeal, the defendant argued that "the jury should have been instructed that [it] could not find that he was violating the statute without evidence that he took some affirmative action which caused the vehicle to take the course which it did." Id., 38. The court stated that "[t]here is no merit to this contention. Where the language of the statute concerning the operation of motor vehicles is clear, there is no choice but to apply that language so as to give the effect expressed in it. The violation of a statute designed for the protection of the public is, in itself, negligence. . . . To require affirmative proof of an intent to commit the act prohibited by § 14-237 would import a requirement into the statute never contemplated by the legislature. Where . . . the course of a motor vehicle is contrary to the statute, it is usually a permissible inference that the operator of the vehicle was the responsible agent in causing it to take that course." (Citations omitted.) Id., 38–39.

The defendant tries to distinguish *Danzell* from the present case by arguing that the voluntariness element of negligence per se can only be found "when sufficient evidence negates any other non-negligent cause such as sudden emergency, sudden illness or sudden mechanical malfunction . . . ." If any evidence had been put forth that Feneque's vehicle crossed the median as a result of an emergency, a sudden illness, a mechanical malfunction or because of snow and ice, the jury could have taken that into account in determining whether Feneque violated § 14-236. This is because § 14-236 requires that "a vehicle shall be driven as *nearly as practicable* entirely within a single lane

. . . ."[4] (Emphasis added.) General Statutes § 14-236 (1); see *O'Briskie* v. *Berry*, 95 Conn. App. 300, 312–13, 897 A.2d 605 (2006) ("When his car lost traction, due to the snow and slush on the roadway, the defendant's vehicle slid. The jury reasonably could have found that although the defendant did not yield half of the roadway, he did yield as much of the roadway as was possible under the conditions presented. The jury could have found, therefore, that the defendant did not voluntarily cross into the oncoming lane of travel, did not breach a duty under the statute and, thus, was not negligent."). Furthermore, such evidence would also have allowed the jury to consider whether Feneque's negligence was the proximate cause of the plaintiff's injuries. See *O'Briskie* v. *Berry*, supra, 313 n.11 (citing *Blancato* v. *Randino*, 33 Conn. App. 44, 48, 632 A.2d 1144, cert. denied, 228 Conn. 916, 636 A.2d 846 [1993], and stating that *Blancato* held that "jury could have reasonably concluded that conditions of roadway and not defendant's negligence were proximate cause of accident where defendant was driving vehicle under speed limit,

[4] Furthermore, if the jury had been presented with evidence that Feneque's vehicle crossed the median because of an emergency, the jury would have to decide whether Feneque breached the duty of care. See *Brown* v. *Robishaw*, 282 Conn. 628, 638 n.12, 922 A.2d 1086 (2007) ("a defendant faced with a sudden and unexpected circumstance that leaves little or no time for consideration [may] not [be] held to the same duty of care required of a reasonably prudent person under ordinary circumstances" [internal quotation marks omitted]).

If Feneque had been faced with a sudden emergency the defendant would have been entitled to an instruction concerning the doctrine of sudden emergency. See *Puchalsky* v. *Rappahahn*, 63 Conn. App. 72, 80, 774 A.2d 1029 ("Whether a charge on the doctrine of sudden emergency was applicable is determined by the claims of proof advanced by the parties. . . . Evidence was required which would be sufficient to support a finding [1] that an emergency actually existed, [2] that the perilous situation was not created by the defendant, and [3] that the defendant, confronted with the emergency, chose a course of action which would or might have been taken by a person of reasonable prudence in the same or a similar situation." [Citation omitted; internal quotation marks omitted.]), cert. denied, 256 Conn. 931, 776 A.2d 1147 (2001).

vehicle slid on ice, and defendant's efforts to brake and maneuver vehicle could not prevent accident"). Based on the evidence submitted, it was reasonable for the jury to conclude that Feneque was negligent. The court, therefore, did not abuse its discretion in denying the motion to set aside the verdict.

The defendant next argues that there was insufficient evidence for the jury reasonably to conclude that Feneque's actions proximately caused the plaintiff's injuries. Specifically, the defendant argues that "[m]any scenarios other than driver negligence can cause a loss of control, including being cut off, sideswiped or struck in the rear by another vehicle, hitting a patch of ice, water, slush or sand, or a medical or mechanical emergency." In *Burton* v. *Stamford*, supra, 115 Conn. App. 68–88, the court discussed in detail the relevant case law on insufficiency of evidence claims on the issue of causation. Similar to *Burton*, this case most closely resembles *Terminal Taxi Co.* v. *Flynn*, 156 Conn. 313, 240 A.2d 881 (1968). "In *Terminal Taxi Co.*, the vehicle of the plaintiff taxicab driver was forcibly struck at the left rear by the right front of an automobile owned and operated by the defendant's decedent. . . . [A]n eyewitness to the accident testified. . . . That witness was the plaintiff who had been involved in the automobile accident. Significantly, the court noted that [the plaintiff] did not testify that the [decedent's] vehicle was being driven at a high rate of speed before the accident or that [the decedent] was not looking where he was going or that [the decedent] lost control of his car. The evidence as to these facts was circumstantial. . . . Rather, the plaintiff testified about what he saw . . . . In addition, evidence of physical facts was introduced through the investigating officer." (Citations omitted; internal quotation marks omitted.) *Burton* v. *Stamford*, supra, 70–71. The court concluded that "[t]he jury could have found from the nature and the extent

of the damage to the vehicles that [the decedent] was operating his car at an excessive speed and that he was not driving at a reasonable distance apart from the taxicab." (Internal quotation marks omitted.) Id., 72. Similarly, in this case, the plaintiff has provided both eyewitness testimony and testimony concerning physical facts by the investigating officer to establish how the accident occurred. The plaintiff, accordingly, has provided a sufficient evidentiary basis for the jury reasonably to conclude that Feneque's negligence was the proximate cause of the plaintiff's injuries. See *Terminal Taxi Co.* v. *Flynn,* supra, 313; *Burton* v. *Stamford,* supra, 68–88.

The judgment is affirmed.

In this opinion the other judges concurred.