# DEBBIE GREGORY *v.* JOHN GREGG
## (AC 33549)

Lavine, Beach and Dupont, Js.

Argued March 8—officially released May 15, 2012

*Eric L. Reinken*, for the appellant (plaintiff).

*Michael P. Del Sole*, for the appellee (defendant).

*Opinion*

PER CURIAM. In this personal injury action, the general verdict rule precludes our review of the claims raised by the plaintiff, Debbie Gregory. The plaintiff appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendant, John Gregg. On appeal, the plaintiff claims that the court improperly included a charge on the sudden emergency doctrine in its instructions to the jury. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. In her amended two count complaint, the plaintiff alleged in count one that she sustained personal injuries and damages as a result of the defendant's negligent operation of a motor vehicle in Trumbull on March 3, 2006.[1] The defendant denied that he was negligent or that his acts or omissions were the proximate cause of the plaintiff's injuries. By way of a special defense, the defendant alleged that if the plaintiff suffered any injuries and damages, they were the result of her own negligence.

Following the presentation of evidence, which revealed that there was snow and ice on the roadway at the site of the collision, counsel for the parties agreed with the court's determination that the plaintiff had produced evidence to support her claim that the defendant had failed (1) to keep a proper lookout, (2) to keep his vehicle under control and (3) to yield the right-of-way. Counsel also agreed with the court's determination that the defendant had produced evidence in support of his claim that the plaintiff (1) was travelling too fast for the conditions and (2) failed (a) to keep a proper

---

[1] The plaintiff also alleged in count two that she sustained injuries due to the defendant's reckless operation of his motor vehicle. The plaintiff's counsel agreed with the court's determination that there was insufficient evidence to submit the recklessness count to the jury.

lookout, (b) to keep her vehicle under control, (c) to turn her vehicle to avoid the collision, (d) to grant the right-of-way. In its charge to the jury, the court included an instruction on the sudden emergency doctrine.[2] The jury returned a verdict in favor of the defendant.[3]

On appeal, the plaintiff claims that it was improper for the court to include an instruction on the sudden emergency doctrine because such an instruction was not warranted by the evidence and, if the instruction had been warranted, the instruction itself was improper. We are unable to review these claims because the record is insufficient for our review. The jury rendered a general verdict in favor of the defendant. No interrogatories were submitted to the jury, and we therefore are unable to determine the basis of the jury's verdict, e.g., whether the jury found that the defendant was not negligent or that he was negligent but the plaintiff's negligence was greater than his. We also do not know whether the jury found that either party was confronted with a sudden emergency and, if so, whether his or her response was reasonable.

"[T]he general verdict rule is a rule of appellate jurisprudence designed to further the general principle that it is the appellant's responsibility to provide a record upon which reversible error may be predicated. . . . Under the general verdict rule, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found

[2] "Whether a charge on the doctrine of sudden emergency was applicable is determined by the claims of proof advanced by the parties. . . . Evidence was required which would be sufficient to support a finding [1] that an emergency actually existed, [2] that the perilous situation was not created by the defendant, and [3] that the defendant, confronted with the emergency, chose a course of action which would or might have been taken by a person of reasonable prudence in the same or a similar situation." (Internal quotation marks omitted.) *O'Donnell* v. *Feneque*, 120 Conn. App. 167, 175 n.4, 991 A.2d 643, cert. denied, 297 Conn. 909, 995 A.2d 637 (2010).

[3] The verdict form stated: "In this case, We, the Jury, find the issues in favor of the Defendant . . . as against the Plaintiff . . . as to Count ONE."

every issue in favor of the prevailing party. . . . Thus, in a case in which a general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. . . . A party desiring to avoid the effects of the general verdict rule may elicit the specific grounds for the verdict by submitting interrogatories to the jury." (Citations omitted; internal quotation marks omitted.) *Morales* v. *Moore*, 85 Conn. App. 208, 210, 855 A.2d 1041 (2004).

The judgment is affirmed.