TWIN OAKS CONDOMINIUM ASSOCIATION, INC.
*v.* RODVALD E. JONES ET AL.
(AC 32029)

DiPentima, C. J., and Lavine and Espinosa, Js.

Argued September 6—officially released November 1, 2011

*Wayne A. Francis*, for the appellant (plaintiff).

*John A. Sodipo*, for the appellee (named defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Twin Oaks Condominium Association, Inc., appeals from the judgment of the trial court in favor of the defendant Rodvald E. Jones[1] on his negligence counterclaim. The plaintiff claims that the court improperly (1) concluded that the

---

[1] Other encumbrancers were named as defendants but are not parties to this appeal. We therefore refer in this opinion to Jones as the defendant.

plaintiff was negligent and (2) calculated the amount of damages. We affirm the judgment of the trial court.

The court found the following facts. The plaintiff is a nonstock corporation, and Imagineers, LLC, is a real estate management company that the plaintiff hired to oversee the maintenance and general management of the common elements of the condominiums. The defendant is a unit owner and therefore a member of the common interest community.

In November, 2003, the defendant experienced heating problems in his unit and, after he called Imagineers, LLC, to complain about the lack of heat, MAREC Heating & Air Conditioning, Inc., came to the defendant's unit to repair the problem. The defendant paid MAREC Heating & Air Conditioning, Inc., $555.86 for replacing his heating valve-thermostat and then attempted, without success, to contact Art Boothby, then property manager for the plaintiff, to discuss reimbursement. Ultimately, the defendant withheld his monthly condominium association fees in the amount of $555.86, to offset the costs he incurred for the repairs.[2] The defendant then resumed paying his monthly fees in full every month. In addition to the heating problems, the defendant suffered water damage to his ceiling and personal property. The defendant also experienced several problems with the plaintiff's management, including the plaintiff's failure to hold regular board meetings and its failure to provide him with notice and a hearing prior to initiating foreclosure proceedings.

In October, 2004, the plaintiff commenced a foreclosure action against the defendant for delinquent common area charges. Subsequent to the filing of the foreclosure action, the plaintiff rejected most of the defendant's payments of his monthly condominium

[2] The defendant withheld his March and April, 2004 fees and then made a partial payment in May, 2004.

association fees and charged fees equal to the $555.86 that the defendant withheld, as well as late fees. On August 15, 2008, the defendant filed a seven count counterclaim, asserting breach of contract, violation of the Common Interest Ownership Act, General Statutes § 47-200 et seq., violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., statutory theft, breach of the implied covenant of good faith and fair dealing, conversion and negligence. On February 10, 2009, the plaintiff withdrew its foreclosure action after receiving payment from CitiMortgage, Inc., the holder of the defendant's mortgage. On January 22, 2010, the court rendered judgment in favor of the defendant on his negligence counterclaim only, in the amount of $25,000. The plaintiff then filed a motion to reargue or reconsider, which was denied on February 19, 2010. This appeal followed.

I

The plaintiff first claims that the court improperly concluded that it was negligent. Specifically, the plaintiff argues that it did not breach its duty of care owed to the defendant and that the defendant did not prove causation. We address each of the plaintiff's claims in turn.

We first set forth the legal principles governing our review. "[T]he conclusion of negligence is necessarily one of fact . . . ." (Citations omitted; internal quotation marks omitted.) *Michaud* v. *Gurney*, 168 Conn. 431, 434, 362 A.2d 857 (1975). "Accordingly, the court's finding of negligence will be upheld unless it is clearly erroneous." *Michalski* v. *Hinz*, 100 Conn. App. 389, 401, 918 A.2d 964 (2007). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence

is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence . . . we give great deference to its findings." (Internal quotation marks omitted.) *Reiner, Reiner & Bendett, P.C.* v. *Cadle Co.*, 278 Conn. 92, 107, 897 A.2d 58 (2006).

### A

The plaintiff claims that the court erroneously concluded that it breached its duty of care owed to the defendant. We disagree. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) *Sturm* v. *Harb Development, LLC*, 298 Conn. 124, 139, 2 A.3d 859 (2010).[3]

The court found that the plaintiff breached its duty by failing to hold annual meetings, failing to provide notice and a hearing before initiating foreclosure proceedings against the defendant, denying him a right to appeal, and failing to maintain the heating system and roof. First, the declaration of Twin Oaks Condominiums (declaration), § 19.9, provides that "[i]n the event of default for a period of ten (10) days by any Unit Owner in the payment of any Common Expense assessment levied against his or her Unit, the Executive Board shall have the right, *after Notice and Hearing*, to declare all unpaid assessments for the pertinent fiscal year to be immediately due and payable." (Emphasis added.) The

---

[3] The plaintiff does not dispute that it owes a duty of care to the defendant. "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Internal quotation marks omitted.) *Sevigny* v. *Dibble Hollow Condominium Assn., Inc.*, 76 Conn. App. 306, 318, 819 A.2d 844 (2003). Under § 2.3 of the bylaws of Twin Oaks Condominiums, the officers and directors of the executive board are "required to exercise the care required of fiduciaries of the Unit Owners, if appointed by the Declarant, and ordinary and reasonable care if elected by the Unit Owners."

plaintiff did not provide notice and a hearing to the defendant. The plaintiff argues that "[n]othing in the Declarations and or Bylaws prevented [the defendant] as a unit owner from requesting a hearing himself." The declaration, however, places the duty to provide notice and a hearing squarely on the plaintiff.

Second, the plaintiff denied the defendant a right to appeal under § 24.3 of the declaration, which provides that "[a]ny Person having a right to Notice and Hearing shall have the right to appeal to the Executive Board . . . ." Here, the plaintiff never provided the defendant with an initial hearing and, as a result, he was not able to file a notice of appeal. Finally, the court found that the plaintiff breached its duty by failing to maintain properly the heating system and the roof. Under the bylaws of Twin Oaks Condominiums (bylaws), § 2.2 (h), the plaintiff has a duty to "regulate the use, maintenance, repair, replacement and modification of the Common Elements . . . ." The declaration, § 1.5, defines common elements as "[a]ll portions of the Common Interest Community other than the Units." The court found that "[i]n October, 2001, the [plaintiff] knew that the roof of the building needed to be replaced. The [plaintiff] did not hold regular annual meetings between 2001 and 2005, when the roof was finally replaced. Failure to hold annual meetings violates § 3.1 of the bylaws." The record supports the court's conclusion that the plaintiff breached its duty of care to the defendant.

B

The plaintiff also claims that the court improperly concluded that the plaintiff's actions caused the defendant's injuries. We disagree. "[A] plaintiff must establish that the defendant's conduct legally caused the injuries. . . . The first component of legal cause is causation in fact. Causation in fact is the purest legal application of

. . . legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. . . . The second component of legal cause is proximate cause. . . . [T]he test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries. . . . Further, it is the plaintiff who bears the burden to prove an unbroken sequence of events that tied his injuries to the [defendants' conduct]. . . . The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection. . . . This causal connection must be based upon more than conjecture and surmise." (Internal quotation marks omitted.) *O'Donnell* v. *Feneque*, 120 Conn. App. 167, 172, 991 A.2d 643, cert. denied, 297 Conn. 909, 995 A.2d 637 (2010).

The court found that "[t]he evidence demonstrates that the [plaintiff] set in motion a chain of events that led to [the defendant's] injuries and losses. . . . Its conduct was a substantial factor in bringing about the damages." Here, the court found that the defendant suffered a lack of heat as a result of the plaintiff's failure to maintain the common elements of the heating system. The court also found a causal connection between the plaintiff's failure to provide notice and hearing and the defendant's damages resulting from the foreclosure action. Additionally, the court found a causal connection between the plaintiff's failure to maintain properly the roof and the property damage to the defendant's roof and personal property.[4] The court's

---

[4] The court found that the foreclosure action was initiated because the defendant had an account balance of $20,692.32 as of January 1, 2009, but three years earlier the balance was only $4623.60. The court explained that the defendant was charged late fees even though he continued to tender monthly fees and after a lien was placed on his unit. Moreover, the court found that, as a result of the payment to the plaintiff by CitiMortgage, Inc., the defendant's mortgage balance was increased from approximately $21,000 to $42,000.

findings are supported by the evidence. Accordingly, the court properly concluded that the plaintiff was the proximate cause of the defendant's injuries.

## II

The plaintiff next claims that the court improperly calculated the amount of damages.[5] We are not persuaded. "The plaintiff has the burden of proving the extent of the damages suffered. . . . Although the plaintiff need not provide such proof with [m]athematical exactitude . . . the plaintiff must nevertheless provide sufficient evidence for the trier to make a fair and reasonable estimate. . . . As we have stated previously, the determination of damages is a matter for the trier of fact . . . ." (Citations omitted; internal quotation marks omitted.) *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 65, 717 A.2d 77 (1998).

In a trial to the court, "[t]he trial court has broad discretion in determining damages." (Internal quotation marks omitted.) *Centimark Corp.* v. *Village Manor Associates Ltd. Partnership*, 113 Conn. App. 509, 527, 967 A.2d 550, cert. denied, 292 Conn. 907, 973 A.2d 103 (2009). "[W]hether the decision of the trial court is clearly erroneous . . . involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts

---

[5] The defendant argues that the plaintiff did not preserve its challenge to the court's determination of damages on the record. The defendant argues that because he testified without objection by the plaintiff, the plaintiff failed to preserve its claim for review. Practice Book § 60-5 provides that "[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ." Here, the court's determination of damages was set forth in its memorandum of decision. Moreover, the plaintiff filed a motion to reargue, seeking in part clarification of the court's assessment of damages, which was denied on February 19, 2010. Thus, the plaintiff's claim is preserved for review.

set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. . . . On appeal, we will give the evidence the most favorable reasonable construction in support of the verdict to which it is entitled." (Internal quotation marks omitted.) *Beverly Hills Concepts, Inc.* v. *Schatz & Schatz, Ribicoff & Kotkin,* 247 Conn. 48, 68–69, 717 A.2d 724 (1998).

In this case, the court concluded that "[t]he preponderance of the evidence demonstrates that [the defendant's] losses resulting from the [plaintiff's] breach of duty include paying for repairs to his heating valve/ thermostat, experiencing a lack of heat for several months, being subject to a foreclosure action without notice and hearing, paying for water damage to his unit's ceiling and suffering water damage to his personal property. . . . Consequently, the court awards damages in the amount of $25,000." On February 9, 2010, the plaintiff filed a motion to reargue or reconsider, seeking clarification of the court's assessment of damages. The court denied the plaintiff's motion to reargue on February 19, 2010, and the plaintiff never filed a motion for articulation pursuant to Practice Book § 66-5 after appealing to this court.

The court did not state explicitly the method by which it calculated the defendant's damages. "In the absence of a motion for articulation, we read an ambiguous trial record to support, rather than to undermine, the judgment." *St. John Urban Development Corp.* v. *Chisholm,* 111 Conn. App. 649, 653, 960 A.2d 1080 (2008); see also *Benedetto* v. *Wanat,* 79 Conn. App. 139, 154,

829 A.2d 901 (2003) ("In the absence of a motion to articulate, we will not speculate as to the reasons why the court found a damages award of $75,000 to be appropriate. We simply conclude that the damages award as found by the court was not clearly erroneous."). The evidence in the record, however, supports the court's finding that the defendant was entitled to $25,000 in damages on his negligence counterclaim. Therefore, the court's award of damages was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.