REKAN SHRITAH *v.* STOP AND SHOP
COMPANIES, INC.
(AC 18181)

O'Connell, C. J., and Landau and Sullivan, Js.

Submitted on briefs May 4—officially released July 20, 1999

*Arthur S. Wells* filed a brief for the appellant (plaintiff).

*Dion W. Moore* and *Suzannah K. Nigro* filed a brief for the appellee (named defendant).

---

PER CURIAM. The plaintiff, Rekan Shritah, appeals from the judgment for the defendants after the trial court granted the named defendant's motion to dismiss pursuant to Practice Book § 15-8. On appeal, the plaintiff claims that the trial court improperly found that the plaintiff failed to establish a prima facie case. We affirm the judgment of the trial court.

The transcript shows that the underlying action for personal injuries arises out of a slip and fall that occurred on June 28, 1993, at a store located in Fairfield and owned by the named defendant, Stop and Shop Companies, Inc. (Stop & Shop). At trial, testimony was introduced from two witnesses, the plaintiff and a Stop & Shop employee. The plaintiff testified that he entered the store late in the evening and, after he selected some items, he slipped and fell. The plaintiff testified that he neither saw anything on the floor before he fell, nor did he know what caused him to fall. He testified that after he fell, he saw some fruit on the floor, but was unable to state that it was the fruit that actually caused his fall.

The second witness, Henry Niestemski, a Stop & Shop employee, was in charge of the night maintenance crew and responsible for overseeing the store from 11 p.m. to 7 a.m. Niestemski testified that he remembered the incident, although he did not remember the plaintiff specifically. Moreover, he testified that he did not know whether the outside maintenance crew had begun to clean and that he did not recall seeing any fruit on the floor. The plaintiff subsequently rested his case, and Stop & Shop made a motion for a judgment of dismissal that the trial court granted.

The record before us does not contain either a written memorandum of decision or a transcribed copy of an

oral decision, signed by the trial court, stating its reason for granting the motion to dismiss. Further, the plaintiff never sought to have the trial court articulate the basis upon which it granted the motion to dismiss. "The duty to provide [the Appellate Court] with a record adequate for review rests with the appellant." *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998); see Practice Book § 61-10.

This court has declined to review claims where the appellant has failed to provide the court with an adequate record for review. *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, supra, 48 Conn. App. 609; *Emigrant Savings Bank* v. *Erickson*, 46 Conn. App. 51, 53, 696 A.2d 1057, cert. denied, 243 Conn. 921, 701 A.2d 341 (1997).

"To prove a claim of negligence or negligence per se, the [injured party] had to prove by a preponderance of the evidence each of the following elements: duty, breach, proximate cause and damages." *Close, Jensen & Miller, P.C.* v. *Lomangino*, 51 Conn. App. 576, 588, 722 A.2d 1224, cert. denied, 248 Conn. 905, 731 A.2d 306 (1999). The plaintiff had to show that the defendant breached a duty owed to the plaintiff, and that there existed a causal connection between the breach and the plaintiff's injury. *Hearl* v. *Waterbury YMCA*, 187 Conn. 1, 4, 444 A.2d 211 (1982). We decline to speculate from the transcript what findings the trial court may have made and what was the basis for the motion to dismiss. Because the plaintiff has failed to provide us with an adequate record for review, we decline to review this claim.

The judgment is affirmed.