FREDERICK A. DLUGOKECKI *v.* MANUEL N. VIEIRA
(AC 26937)

McLachlan, Gruendel and Rogers, Js.

Argued September 6—officially released October 24, 2006

*Frederick A. Dlugokecki*, with whom, on the brief, was *Marjorie R. Gruszkiewicz*, for the appellant (plaintiff).

*Jeffrey J. Tinley*, with whom, on the brief, was *Erin L. Golembiewski*, for the appellee (defendant).

*Opinion*

McLACHLAN, J. The plaintiff, Frederick A. Dlugokecki, appeals from the judgment of the trial court rendered following the granting of the motion to strike all five counts of the plaintiff's amended complaint filed by the defendant, Manuel N. Vieira. The plaintiff claims that the court improperly concluded that the defendant had an absolute privilege to publish certain allegedly defamatory statements about the plaintiff at a public hearing held before the inland wetlands commission of the borough of Naugatuck (commission). We affirm the judgment of the trial court.

The following procedural history and facts, as alleged in the plaintiff's amended complaint, are relevant to our resolution of the issue on appeal. The plaintiff is a practicing attorney who resides at Michael Lane in Naugatuck and has an office in Naugatuck. His areas of practice include land use matters, and he has appeared before commissions and boards in Naugatuck. The defendant is a real estate broker and insurance agent. He also is a principal in Paddock Ridge, LLC, which had a pending, contested application before the commission involving a thirteen acre parcel of land located adjacent to the plaintiff's six acre pond. The commission scheduled the continuation of the public hearing on the defendant's application for April 7, 2004. It also scheduled,

at the same time, additional proceedings in connection with a show cause hearing on a cease and desist order issued against Paddock Ridge, LLC, for activities on the same property. In the notice of the show cause hearing, attached as exhibit A to the plaintiff's complaint, the commission expressed its concern, based on information provided to the commission by the plaintiff[1] that the application submitted by Paddock Ridge, LLC, was incomplete and inaccurate.

The plaintiff, the defendant, members of the commission, the wetlands enforcement officer, the assistant zoning enforcement officer and thirty-six additional members of the general public attended the hearing on April 7, 2004. At some point during the hearing, the defendant made the following recorded statements about the plaintiff: "With respect to [the plaintiff], the reason that he has such a huge interest in my project is because about seven months ago he made an extortionary demand of me, of $150,000 to go away . . . . And furthermore, I will provide this commission with maps that he filled in five acres of wetlands on Michael Lane."

The plaintiff then brought this action against the defendant for slander per se, slander per quod, invasion of privacy, intentional infliction of emotional distress and negligent infliction of emotional distress, claiming that the defendant's false statements impugned the plaintiff's integrity and reputation and exposed him to

---

[1] The notice was addressed to the defendant and Carole J. Vieira, and provided in part as follows: "At the January 8, 2003, meeting of the Naugatuck Inland Wetlands Commission, questions concerning the above-referenced permit were brought to the attention of the commission stating that the application was incomplete and inaccurate. The submitted plans did not have any inland wetlands delineated near the detention area. Information was presented to the commission by [the plaintiff], an abutter to your property, which in turn has been passed over to the borough attorney for his review. The commission had a number of concerns regarding this matter."

embarrassment, humiliation and contempt from his colleagues, his clients, the commission, the borough officers and members of the general public. On January 18, 2005, the defendant filed a motion to strike the amended complaint in its entirety on the ground that the allegedly defamatory statements were subject to absolute immunity. The court heard argument and issued its memorandum of decision on July 7, 2005, granting the defendant's motion.

In its decision, the court concluded that a motion to strike was the proper procedural vehicle for determining the applicability of the absolute privilege, that the public hearing before the commission was a quasi-judicial proceeding and that the defendant's statements were pertinent to the defendant's application before the commission because, arguably, they were made to expose any bias of the plaintiff to the commission and to undermine his credibility. Accordingly, the court determined that the statements were absolutely privileged, which barred recovery on all of the claims in the plaintiff's complaint. The plaintiff did not file a new pleading; see Practice Book § 10-44; and the court rendered judgment in favor of the defendant. This appeal followed.

The plaintiff claims that the court improperly granted the defendant's motion to strike on the ground of absolute immunity.[2] Specifically, the plaintiff argues that the absolute privilege did not apply because the defendant's statements about the plaintiff were totally unrelated to the defendant's pending application before the commission. He claims that there are no allegations in the

[2] The plaintiff does not challenge the court's conclusion that the commission's public hearing was a quasi-judicial proceeding or its conclusion that all of the other counts in the complaint had to be stricken if the plaintiff was barred from recovery on his defamation claims. We therefore do not address those issues. See McManus v. Sweeney, 78 Conn. App. 327, 330 n.1, 827 A.2d 708 (2003).

complaint to warrant the conclusion that the plaintiff had an interest in the defendant's application sufficient to make the defendant's statements relevant to the controversy. We disagree.

The standard of review in an appeal from the granting of a motion to strike is well established. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review . . . is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 667, 748 A.2d 834 (2000). "[A] motion to strike is essentially a procedural motion that focuses solely on the pleadings. . . . It is, therefore, improper for the court to consider material outside of the pleading that is being challenged by the motion." (Citation omitted.) *Zirinsky* v. *Zirinsky*, 87 Conn. App. 257, 271–72, 865 A.2d 488, cert. denied, 273 Conn. 916, 871 A.2d 372 (2005).

We therefore focus on the contents of the defendant's allegedly defamatory statements and the allegations in the complaint to determine whether the court properly concluded that the absolute privilege applied to bar the plaintiff's recovery. "It is well settled that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy. . . . Whether a communication is made upon an occasion of privilege is a question of law, and, therefore, our review is plenary. . . . The judicial proceedings privilege is available only when the defamatory matter has some reference to the subject matter of the proposed or pending litigation, although it need not be

strictly relevant to any issue involved in it." (Citations omitted; internal quotation marks omitted.) *Alexandru* v. *Dowd*, 79 Conn. App. 434, 438–39, 830 A.2d 352, cert. denied, 266 Conn. 925, 835 A.2d 471 (2003). "[L]ike the privilege which is generally applied to pertinent statements made in formal judicial proceedings, an absolute privilege also attaches to relevant statements made during administrative proceedings which are quasi-judicial in nature." (Internal quotation marks omitted.) *Craig* v. *Stafford Construction, Inc.*, 271 Conn. 78, 84, 856 A.2d 372 (2004).

"The effect of an absolute privilege is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously. . . . The policy underlying the privilege is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements." (Citations omitted; internal quotation marks omitted.) *Petyan* v. *Ellis*, 200 Conn. 243, 246, 510 A.2d 1337 (1986). "There is, of course, no really effective civil remedy against perjurers; that lack is simply part of the price that is paid for witnesses who are free from intimidation by the possibility of civil liability for what they say. . . . The common law absolute privilege itself is not confined to the testimony of a witness but extends to any statement made in the course of a judicial proceeding, whether or not given under oath, so long as it is pertinent to the controversy." (Citation omitted; internal quotation marks omitted.) Id., 251.

Here, there is no challenge to the court's determination that the defendant's allegedly defamatory statements were made during the course of a quasi-judicial proceeding. The sole issue, therefore, is whether the statements were "pertinent to the subject of the controversy"; (internal quotation marks omitted) *Alexandru* v. *Dowd*, supra, 79 Conn. App. 438; so as to be protected

by the absolute privilege. The complaint alleges that the plaintiff owns property that abuts the defendant's property, which was the subject of a contested, pending application before the commission. It is also alleged that the defendant's property was subject to a related show cause proceeding before the commission resulting from the issuance of a cease and desist order. According to the complaint, the continuation of the public hearing on the defendant's application and additional proceedings in connection with the show cause hearing were both scheduled for April 7, 2004.

With respect to the allegation concerning the cease and desist order, the plaintiff referenced and attached exhibit A to his complaint.[3] Exhibit A is a copy of a letter from the borough's wetlands enforcement officer to the defendant and Carole J. Vieira entitled "Show Cause Hearing." The letter specifically indicated that the commission had questions as to the completeness and accuracy of the application based on information provided to it by the plaintiff, an abutter to the defendant's property. The defendant was ordered to cease all activities associated with the inland wetlands permit and was advised of the date of the hearing at which he would have the opportunity to contest its issuance.

The allegedly defamatory statements, made during the course of the public hearing on the defendant's application, were addressed to the commission members and gave the basis, as perceived by the defendant, for the plaintiff's interest in the defendant's application. Upon review of the complaint, it reasonably can be inferred that the defendant was attempting to discredit the information provided by the plaintiff, relative to the

---

[3] A complaint includes all exhibits attached thereto. *Streicher* v. *Resch*, 20 Conn. App. 714, 716, 570 A.2d 230 (1990); Practice Book § 10-29. Furthermore, in his designation of the pleadings to be included in the record on appeal, the plaintiff specifically designated his original complaint only for the purpose of including the exhibits appended thereto.

defendant's property, by exposing the plaintiff's bias or improper motive for making negative comments. Whether or not legally relevant, the statements certainly were related to the matter before the commission, i.e., the pending application and cease and desist order on the defendant's property. In assessing the credibility of speakers at a public hearing, or the reliability of information provided in support of or in opposition to a pending application, statements as to the motivation of an abutting property owner could be "pertinent to the subject of the controversy."[4] (Internal quotation marks omitted.) *Alexandru* v. *Dowd,* supra, 79 Conn. App. 438. Accordingly, we conclude that the court properly granted the defendant's motion to strike because the defendant's statements were pertinent to the controversy and, therefore, absolutely privileged.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] The plaintiff argues that granting absolute immunity to the defendant's false and malicious statements results in an overly-broad privilege and will effectively provide any individual with the opportunity to libel or slander his neighbor with impunity. The nature of the defendant's statements, however, is immaterial. Our case law is clear that "absolute privilege applies regardless of whether the representations at issue could be characterized as false, extreme or outrageous." *Alexandru* v. *Strong,* 81 Conn. App. 68, 83, 837 A.2d 875, cert. denied, 268 Conn. 906, 845 A.2d 406 (2004).