******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

# TOWN OF PLAINVILLE ET AL. *v.* ALMOST HOME ANIMAL RESCUE AND SHELTER, INC.
## (AC 39731)

Sheldon, Prescott and Elgo, Js.

*Syllabus*

The plaintiff town and its animal control officer, W, sought to recover damages for negligence per se and unjust enrichment from the defendant company in connection with the defendant's operation of an animal rescue facility in the town. After investigating complaints that animals at the defendant's facility were being abused and neglected, W, pursuant to a criminal search and seizure warrant, seized numerous animals from the facility. The town thereafter paid for the animals' medical care and provided them with food, water and shelter. The plaintiffs then commenced an action against the defendant by filing a petition in the Superior Court pursuant to statute (§ 22-329a). The petition sought an order determining the animal's legal status and requiring the defendant to reimburse the town for its expenses in caring for the seized animals in accordance with § 22-329a (h), which provides a direct remedy for a municipality seeking reimbursement for care that it provides to animals adjudicated as abused or neglected. Prior to trial, the parties reached a stipulated agreement that provided for the adoption of the animals but did not contain a provision addressing reimbursement of the town's expenses. The trial court accepted the stipulated agreement, made it an order of the court and dismissed the action, indicating on the record that because the parties had agreed not to proceed with a hearing on the merits, it made no findings regarding the defendant's alleged abuse or neglect of the animals, and, therefore, it lacked the authority to order the defendant to reimburse the plaintiffs for any costs incurred in caring for the animals. Thereafter, the plaintiffs commenced the present action, alleging negligence per se in count one of their complaint based on the defendant's alleged violation of the statute (§ 53-247 [a]) pertaining to the care of impounded or confined animals, and unjust enrichment in count two based on the defendant's failure to reimburse the town for its expenditures in caring for the seized animals. The defendant filed a motion to strike the complaint, arguing that neither count stated a claim on which relief could be granted. The trial court granted the motion and, subsequently, granted the defendant's motion for judgment and rendered judgment in favor of the defendant. On the plaintiffs' appeal to this court, *held*:

1. The plaintiffs could not prevail on their claim that the trial court applied an improper legal standard in ruling on the defendant's motion to strike; the trial court set forth the appropriate standard of review in its memorandum of decision, and, in the absence of some clear indication to the contrary, it was presumed that the court properly applied that standard, and the plaintiffs' claim that the trial court engaged in impermissible fact-finding rather than limiting its review to those facts alleged in the pleadings was unavailing, as the findings referenced by the plaintiffs were actually legal conclusions germane to the trial court's evaluation of the legal sufficiency of the plaintiffs' complaint.

2. The trial court properly struck count one of the complaint alleging negligence per se, that court having correctly determined that the plaintiffs were not among the intended beneficiaries of § 53-247 (a), which was a sufficient basis on which to strike that count: the trial court properly reviewed § 53-247 (a), as it was the asserted basis of the negligence per se count, and because that statute was intended only to protect abused or neglected animals and to criminalize misconduct by their caretakers and the plaintiffs were not abused animals or the perpetrators of criminal conduct against animals, the plaintiffs fell outside of any class protected by or directly affected by the statute, and, therefore, as a matter of law, they could not rely on § 53-247 (a) as a basis for maintaining a negligence per se action against the defendant; moreover, the plaintiffs' argument that they did not have notice that the trial court would engage in an analysis of whether they were part of a protected class under the statute

in considering whether to grant the motion to strike was belied by the fact that the defendant had raised that issue in its memorandum of law in support of its motion to strike.

3. The trial court properly struck count two of the complaint, as the plaintiffs could not avail themselves of an action sounding in unjust enrichment in light of the adequate statutory remedy available to them under § 22-329a: the plaintiffs had filed an action in accordance with § 22-329a but voluntarily agreed to settle that action without the court having adjudicated the animals abused or neglected, and the plaintiffs, by choosing to proceed in that manner, were precluded from seeking an order by the court directing the defendant to reimburse them pursuant to the statutory scheme, and, therefore, it was the plaintiffs' own actions that prevented them from recovering in accordance with the available statutory remedy, and they advanced no argument that the statutory scheme for reimbursement provided for in § 22-329a (h) was in any manner inadequate; moreover, there was no merit to the plaintiffs' claim that the defendant had stipulated in the prior action that they were entitled to seek damages at a later time without regard to § 22-329a, as the parties' stipulation contained no express agreement by the defendant regarding the plaintiffs' right to pursue other legal actions against it, and although the trial court had made a statement indicating its understanding that the plaintiffs were not waiving their right to pursue reimbursement by way of a separate action, this court construed that statement as simply an indication that the plaintiffs could attempt to pursue other legally appropriate actions, if any existed.

Argued January 23—officially released May 15, 2018

*Procedural History*

Action to recover damages for, inter alia, the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of New Britain, where the court, *Swienton, J.*, granted the defendant's motion to strike the complaint; thereafter, the court granted the defendant's motion for judgment and rendered judgment for the defendant, from which the plaintiffs appealed to this court. *Affirmed.*

*Jonathan D. Chomick*, for the appellants (plaintiffs).

*Taryn D. Martin*, with whom, on the brief, was *Robert A. Ziegler*, for the appellee (defendant).

*Opinion*

PRESCOTT, J. The plaintiffs, the town of Plainville (town) and Donna Weinhofer, the town's animal control officer, appeal from the judgment of the trial court rendered in favor of the defendant, Almost Home Animal Rescue and Shelter, Inc., following the court's granting of the defendant's motion to strike both counts of the plaintiffs' two count complaint.[1] Count one of the complaint sounded in negligence per se and alleged that the defendant, which operates an animal rescue facility, had failed to care for animals in its custody in violation of General Statutes § 53-247 (a), and that this violation caused the plaintiffs to suffer damages, namely, costs that the town incurred for medical care, shelter, food, and water for the affected animals. Count two sounded in unjust enrichment and was premised on the defendant's failure to reimburse the town for its expenditures in caring for the seized animals.

On appeal, the plaintiffs claim that the trial court improperly (1) applied an incorrect legal standard in deciding the motion to strike; (2) struck count one of the complaint on the bases that § 53-247 did not establish a duty or standard of care for purposes of maintaining a negligence per se action and that the plaintiffs are not among the class of persons protected by § 53-247; and (3) struck count two of the complaint on the basis that General Statutes § 22-329a (h) provides the exclusive remedy for the damages alleged by the plaintiffs, thus precluding an action for unjust enrichment, and did so without considering and addressing the plaintiffs' argument that the defendant had stipulated in a prior action that the plaintiffs were entitled to seek damages without regard to § 22-329a. We disagree and affirm the judgment of the court.

The following facts, taken from the complaint, and procedural history are relevant to our consideration of the plaintiffs' claims. The plaintiffs received numerous complaints between July and November, 2015, that animals at the defendant's rescue facility were being abused and neglected. Weinhofer and an assistant animal control officer investigated the complaints, visiting the facility on several different dates. They observed that the facility was filthy and smelled overwhelmingly of feces and urine. Many cats and dogs were being kept in cages for extended periods under unsanitary and unhealthy conditions, and without proper access to food and water. Many animals could not stand up or turn around in their cages. The animals generally appeared to be in poor health and in obvious need of medical care.

Pursuant to a signed criminal search and seizure warrant, Weinhofer seized twenty-three cats, twenty dogs, one rabbit and one hamster from the defendant on December 1, 2015. The animals were evaluated by veter-

inarians. The majority of the animals had matted and unkempt coats, fleas, or other medical conditions, some requiring hospitalization. The town, in addition to paying for the animals' medical care, provided them with food, water, and shelter at the town's expense.

On December 17, 2015, the plaintiffs commenced an action in the Superior Court by verified petition in accordance with § 22-329a.[2] The petition sought an order determining the legal status of the animals in the town's possession and requiring the defendant to reimburse the town for its expenses in caring for the seized animals. See *Plainville* v. *Almost Home Animal Rescue & Shelter, Inc.*, Superior Court, judicial district of New Britain, CV-15-6031669-S.[3] Prior to a trial on the petition, however, the parties reached a stipulated agreement regarding custody of the seized animals, which was discussed at a hearing on January 22, 2016.

The stipulation was filed with the court on February 2, 2016. The agreement provided for the adoption of the seized animals by a number of interested third parties but contained no provision addressing reimbursement by the defendant to the town. On the day it was filed, the court, *Abrams, J.*, accepted the stipulated agreement, made it an order of the court, and dismissed the action. As the court indicated on the record at the January 22, 2016 hearing, because the parties had agreed not to proceed with a hearing on the merits of the plaintiffs' petition, the court made no findings, either express or implied, that the seized animals had been abused or neglected by the defendant. Accordingly, it lacked the authority to order the defendant to reimburse the plaintiffs for any costs incurred in treating or boarding the seized animals.

On February 8, 2016, the plaintiffs commenced this action. Both counts of the two count complaint sought recovery from the defendant for expenses incurred by the town in caring for the seized animals. As previously indicated, count one advanced a theory of common-law negligence based on the defendant's alleged violation of § 53-247 (a). Count two alleged that the defendant had been unjustly enriched as a result of the unreimbursed expenditures by the town in caring for the seized animals.

On June 14, 2016, the defendant filed a motion to strike both counts of the complaint, arguing that each count failed to state a claim upon which relief could be granted. With respect to count one sounding in negligence per se, the defendant argued that the plaintiffs could not establish liability because the plaintiffs were not within the class of persons that § 53-247 (a) was intended to protect, nor had they suffered the type of injury the statute was designed to prevent. With respect to the unjust enrichment allegations in count two, the defendant argued that § 22-329a (h) provides the town an adequate remedy at law, and, therefore, the plaintiffs

could not recover under the common-law principle of unjust enrichment.

The plaintiffs filed a memorandum of law in opposition to the motion to strike in which they argued that § 53-247 (a) establishes a standard of care that applied to the defendant and that a violation of the statute constitutes negligence per se. The plaintiffs also argued that it would be improper for the court to decide by way of a motion to strike whether the plaintiffs are within the class of persons protected by the statute. With respect to the unjust enrichment count, the plaintiffs argued that the stipulated agreement that led to the dismissal of their previous action against the defendant included an understanding that the plaintiffs were not waiving any right to seek damages in a separate subsequent legal action.[4]

The court, *Swienton*, *J.*, heard argument on the motion to strike on August 8, 2016. On August 18, 2016, the court issued a memorandum of decision granting the motion to strike as to both counts. With respect to count one, the court concluded that § 53-247 "fails to establish any kind of duty or standard of care, but instead provides for criminal penalties for violation of said statute." The court explained further that § 53-247 does not impose liability on a person who has engaged in animal cruelty to another person, entity, government, or the general public. Finally, the court indicated that to prevail on a claim of statutory negligence or negligence per se, the plaintiffs needed to demonstrate that they fell within the class of persons protected by the statute and that they were unable to do so in this case. Regarding the second count, the court reasoned that § 22-329a (h) provides the exclusive remedy for the damages sought by the town and recovery pursuant to the equitable doctrine of unjust enrichment is available only if there is no adequate remedy at law.

The plaintiffs did not replead the stricken counts. On September 6, 2016, the defendant filed a motion for judgment on those counts in accordance with Practice Book § 10-44. The court granted the motion on October 3, 2016, and rendered judgment in favor of the defendant. This appeal followed.

I

The plaintiffs first claim that the court applied an improper legal standard in ruling on the defendant's motion to strike. Specifically, the plaintiffs argue that the court's decision rested on three factual conclusions that required the court to impermissibly look beyond the pleadings themselves. We disagree.

Whether the court applied the proper legal standard in ruling on the motion to strike presents a question of law over which we exercise plenary review. See *Robinson* v. *Robinson*, 103 Conn. App. 69, 74, 927 A.2d 364 (2007) (plaintiffs' arguments concerning legal stan-

dard applied by court entitled to plenary review). The legal standard applicable to a motion to strike is well settled. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. . . . [The court takes] the facts to be those alleged in the complaint . . . and [construes] the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 498, 815 A.2d 1188 (2003). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Connecticut Coalition for Justice in Education Funding, Inc.* v. *Rell*, 295 Conn. 240, 252–53, 990 A.2d 206 (2010).

The plaintiffs assert in their appellate brief, without any analysis, that the court "exceed[ed] its authority when ruling on [the defendant's] motion to strike" because the court made the following three "findings": (1) "[§] 53-247 fails to establish or provide a duty or standard of care"; (2) the plaintiffs are "not within the class of 'persons' for whose benefit [§] 53-247 was intended to benefit and protect"; and (3) "[§] 22-329a (h) provides an exclusive remedy for the type of injuries alleged, and, therefore, the [plaintiffs] cannot allege a theory of unjust enrichment."

We first note that the court set forth the appropriate standard of review in its memorandum of decision. Absent some clear indication to the contrary, we presume that the court properly applied that standard. See *Saunders* v. *Firtel*, 293 Conn. 515, 532 n.17, 978 A.2d 487 (2009) (declining to assume court applied different legal standard from that cited in decision). Furthermore, to the extent that the plaintiffs argue that the court somehow engaged in impermissible fact-finding rather than limiting its review to those facts alleged in the pleadings, we are not persuaded. What the plaintiffs refer to in their brief as the court's "findings" are actually legal conclusions germane to the court's evaluation of the legal sufficiency of the complaint. See discussion in parts II and III of this opinion. To the extent that the plaintiffs intended to raise a different claim, it is not readily discernible from their brief, and, therefore, we decline to engage in further review on the basis of an

inadequate brief. See *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control*, 266 Conn. 108, 120, 830 A.2d 1121 (2003) ("[a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly" [internal quotation marks omitted]).

## II

The plaintiffs next claim that the court improperly struck count one of the complaint alleging negligence per se. The plaintiff advances two arguments in support of this claim. First, according to the plaintiffs, the court incorrectly determined that § 53-247 did not establish a duty or standard of care for purposes of establishing negligence per se. Second, the plaintiffs assert that the court improperly determined that the plaintiffs were not among the class of persons protected by § 53-247, an inquiry that the plaintiffs maintain was not properly considered by the court in deciding the legal sufficiency of count one. We conclude that the court properly determined that the plaintiffs were not among the intended beneficiaries of § 53-247 and that that determination alone was a sufficient basis on which to strike count one. Accordingly, we do not reach the remainder of the plaintiffs' claim.

Because our review of a trial court's ruling on a motion to strike is plenary; see *Himmelstein* v. *Windsor*, 116 Conn. App. 28, 33, 974 A.2d 820 (2009), aff'd, 304 Conn. 298, 39 A.3d 1065 (2012); we apply the same standard as the trial court. Having set forth that standard in part I of this opinion, we do not repeat it again here. In sum, "[w]e take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Id.

It is axiomatic that a cause of action sounding in negligence per se is but a form of the common-law tort of negligence. See D. Wright et al., Connecticut Law of Torts (3d. Ed. 1991) § 38, p.71. "Negligence per se operates to engraft a particular legislative standard onto the general standard of care imposed by traditional tort law principles, i.e., that standard of care to which an ordinarily prudent person would conform his conduct. To establish negligence, the jury in a negligence per se case need not decide whether the defendant acted as an ordinarily prudent person would have acted under the circumstances. [It] merely decide[s] whether the relevant statute or regulation has been violated. If it has, the defendant was negligent as a matter of law."[5] (Internal quotation marks omitted.) *Considine* v. *Waterbury*, 279 Conn. 830, 860–61 n.16, 905 A.2d 70 (2006). As our Supreme Court reiterated in *Duncan* v. *Mill Management Co. of Greenwich, Inc.*, 308 Conn. 1, 60 A.3d 222 (2013), a violation of a statute or regulation will establish a breach of duty necessary to maintain

an action for negligence per se only if "(1) the plaintiff is within the class of persons intended to be protected by the statute, and (2) the injury is the type of harm that the statute was intended to prevent." Id., 24, *citing Gore* v. *People's Savings Bank*, 235 Conn. 360, 375–76, 665 A.2d 1341 (1995). A plaintiff must satisfy both conditions to establish liability as a result of a statutory violation. *Gore* v. *People's Savings Bank*, supra, 376.

Because a party must satisfy the two part test in order to maintain an action for negligence per se, it was entirely proper for the trial court to have reviewed the statute that the plaintiffs asserted as the basis for the negligence per se count. Specifically, the court was obligated to determine whether, as a matter of law, the plaintiffs had pleaded facts that, if proven, would demonstrate that they fell within the class of persons the statute is intended to protect. If not, then the plaintiffs failed to state a claim upon which any relief could be granted and the court properly granted the motion to strike.

Section § 53-247 (a) provides in relevant part: "Any person who . . . having impounded or confined any animal, fails to give such animal proper care or neglects to cage . . . or fails to supply any such animal with wholesome air, food and water . . . or, having charge or custody of any animal, inflicts cruelty upon it or fails to provide it with proper food, drink or protection from the weather . . . shall, for a first offense, be fined not more than one thousand dollars or imprisoned not more than one year or both, and for each subsequent offense, shall be guilty of a class D felony."

This court has indicated that § 53-247 "is intended to protect all impounded or confined animals from exposure to conditions that risk harming their health or physical condition . . . ." *State* v. *Acker*, 160 Conn. App. 734, 747, 125 A.3d 1057 (2015), cert. denied, 320 Conn. 915, 131 A.3d 750 (2016). The statute criminalizes a number of acts as constituting cruelty to animals and provides for the imposition of jail time or fines for any person who engages in such acts. There is absolutely no language in the statute, however, that discusses costs regarding the care of animals subjected to acts of abuse or neglect or whether violators of § 53-247 have any obligation to compensate a municipality or other party if they should provide assistance to the affected animals. As set forth in part III of this opinion, those issues are addressed in § 22-329a (h), which provides a direct remedy for a municipality seeking reimbursement for care that it provides to animals adjudicated as abused or neglected.

We conclude, on the basis of our review of the statutory language, that § 53-247 was intended only to protect abused or neglected animals and to criminalize misconduct by their caretakers. The plaintiffs are not abused animals or the perpetrators of criminal conduct.

Accordingly, the court properly determined that the plaintiffs fell outside of any class protected by or directly affected by the statute. Therefore, as a matter of law, the plaintiffs could not rely on § 53-247 as a basis for maintaining a negligence per se action against the defendant. The plaintiffs have not cited to any specific language in the statute, other legal authority, or a factual allegation in the complaint that they contend could support a finding that they fall within the class of "persons" the statute was intended to protect.

Furthermore, to the extent that the plaintiffs argue that they had no notice that the trial court would engage in this particular analysis in considering whether to grant the motion to strike, that argument is fully belied by the fact that the defendant raised this issue in its memorandum of law in support of the motion to strike. In sum, we conclude that the court properly granted the motion to strike count one of the complaint.

III

Finally, the plaintiffs claim that the court improperly granted the defendant's motion to strike count two of the complaint, which sounded in unjust enrichment, because it incorrectly determined that § 22-329a (h) provides the exclusive remedy for the damages alleged by the plaintiffs and failed to consider and address the plaintiffs' argument that the defendant had stipulated in a prior action that the plaintiffs were entitled to seek damages later without regard to § 22-329a. For the following reasons, we reject the plaintiffs' claim.

"The right of recovery for unjust enrichment is equitable, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff. . . . Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy. . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Citations omitted; internal quotation marks omitted.) *Polverari* v. *Peatt*, 29 Conn. App. 191, 200–201, 614 A.2d 484, cert. denied, 224 Conn. 913, 617 A.2d 166 (1992). As with other claims for equitable relief, however, an action seeking to recover on a theory of unjust enrichment is unavailable if there is an adequate remedy at law. See, e.g., *U.S. Fidelity & Guaranty Co.* v. *Metropolitan Property & Liability Ins. Co.*, 10 Conn. App. 125, 128, 521 A.2d 1048 (plaintiff not permitted to bypass statutory remedy by seeking equitable relief unless statutory remedy inadequate), cert. denied, 203 Conn. 806, 525 A.2d 521 (1987).

Furthermore, if "a statutory scheme exists for the recovery of a benefit that is also recoverable at common law, the common law right may be resorted to only

[if] the statutory procedures are inadequate." *National CSS, Inc.* v. *Stamford*, 195 Conn. 587, 597, 489 A.2d 1034 (1985). In *National CSS, Inc.*, our Supreme Court held that an action for unjust enrichment could not be maintained by a taxpayer seeking a refund of personal property taxes because there was a statutory procedure available that was "more than sufficient in providing the [taxpayer] a method by which a refund could be obtained. The [taxpayer] simply failed to take advantage of this statutory remedy in a timely manner, and now seeks to circumvent the state taxation scheme by way of the common law. The [taxpayer]'s failure to show that the existing remedy could not in itself have afforded [it] a refund, however, precludes it from now resorting to the common law." (Footnote omitted.) Id. The plaintiffs' attempts to distinguish the present case from *National CSS, Inc.*, are unpersuasive.

Section 22-329a provides a remedy for a municipality seeking to recoup costs expended in caring for animals it has seized as a result of abuse and neglect. Subsection (h) of § 22-329a provides: "If the court finds that the animal is neglected or cruelly treated, the expenses incurred by the state or a municipality in providing proper food, shelter and care to an animal it has taken custody of under subsection (a) or (b) of this section and the expenses incurred by any state, municipal or other public or private agency or person in providing temporary care and custody pursuant to an order vesting temporary care and custody, calculated at the rate of fifteen dollars per day per animal or twenty-five dollars per day per animal if the animal is a horse or other large livestock until the date ownership is vested pursuant to subdivision (1) of subsection (g) of this section shall be paid by the owner or owners or person having responsibility for the care of the animal. In addition, all veterinary costs and expenses incurred for the welfare of the animal that are not covered by the per diem rate shall be paid by the owner or owners or person having responsibility for the animal."

The plaintiffs filed an action in accordance with § 22-329a but voluntarily agreed to settle that action prior to the court having adjudicated the animals either neglected or cruelly treated. The plaintiffs' choice to proceed in this manner precluded an order by the court directing the defendant to reimburse the plaintiffs pursuant to the statutory scheme. Accordingly, like the plaintiff in *National CSS, Inc.*, it was the plaintiffs' own actions that prevented them from recovering in accordance with the available statutory remedy. The plaintiffs advance no argument that the statutory scheme for reimbursement provided for in § 22-329a (h) is in any manner inadequate.

The plaintiffs nevertheless argue that "the defendant agreed by stipulation that the plaintiffs would not be precluded from seeking additional avenues of recovery

as part of a stipulation entered into by the parties and adopted by the court.'' That argument, however, lacks merit. Our review of the written stipulation that was filed and signed by the parties and made an order of the court contains no express agreement by the defendant regarding the plaintiffs' right to pursue other legal actions against it. The plaintiffs appear to be relying on the trial court's statement at the January 22, 2016 hearing that preceded the filing of the stipulation, in which the court indicated its understanding that the plaintiffs were not waiving their right to pursue reimbursement by way of a separate action. The trial court never indicated, however, what type of action it believed the plaintiffs could pursue, and we construe the court's statement as simply an indication that the plaintiffs could attempt to pursue other legally appropriate actions, if any existed. Certainly, the trial court had no authority to sanction the filing of a cause of action that cannot be pursued as a matter of law. Because the plaintiffs cannot avail themselves of an action sounding in unjust enrichment in light of an adequate statutory remedy, the trial court properly granted the motion to strike count two of the complaint.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiffs inadvertently included Meda Talley, the defendant's owner and operator, in the case caption of their complaint as if she were an additional party defendant. Both counts of the complaint, however, contained allegations directed at the defendant only and do not mention Talley. Shortly after the action was commenced, the plaintiffs filed a motion for correction of the case caption in which they clarified that it was not their intention to name Talley as a party defendant and that her name was included only because she was the defendant's agent for service of process. They requested that the court order the case caption changed to reflect the actual identity of the parties. The court granted that motion, and, therefore, we utilize the corrected case caption.

[2] General Statutes § 22-329a (b) authorizes a municipal animal control officer to "take physical custody of any animal upon issuance of a warrant finding probable cause that such animal is neglected or is cruelly treated . . . ." Section 22-329a (c) provides in relevant part that, after taking custody of an abused animal pursuant to a valid warrant, "[s]uch officer shall file with the superior court which has venue over such matter . . . a verified petition plainly stating such facts of neglect or cruel treatment as to bring such animal within the jurisdiction of the court and praying for appropriate action by the court in accordance with the provisions of this section. Upon the filing of such petition, the court shall cause a summons to be issued requiring the owner or owners or person having responsibility for the care of the animal, if known, to appear in court at the time and place named."

[3] We take judicial notice of the contents of this related file. See *McCarthy* v. *Warden*, 213 Conn. 289, 293, 567 A.2d 1187 (1989) (appellate court may "take judicial notice of the court files in another suit between the parties"), cert. denied, 496 U.S. 939, 110 S. Ct. 3220, 110 L. Ed. 2d 667 (1990).

[4] The plaintiffs rely on a statement made by the trial court at the January 22, 2016 hearing. After first clarifying on the record that it had no power to order the defendant to reimburse the town for any costs incurred because the parties were not proceeding with a hearing on the merits, the court stated: "However, I do also make clear [that], in entering into this agreement, the town has not waived its right to pursue those costs in a separate action, but it's not going to happen here."

[5] Of course, the plaintiff also must demonstrate the remaining elements of a negligence cause of action, i.e., causation and damages. See *Pickering* v. *Aspen Dental Management, Inc.*, 100 Conn. App. 793, 802, 919 A.2d 520 (2007) ("[t]o prove negligence per se, a plaintiff must show that the defendant

breached a duty owed to her and that the breach proximately caused the plaintiff's injury").

_____